UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

FERNANDO PINEDA-JIMENEZ
   a/k/a "Padrino"
RODRIGO PINEDA-TORRES
   a/k/a "Gordo"
LUIS ERNESTO PEREZ-QUEVEDO
   a/k/a "Acuerpado"
YESID EDUARDO TORRES-SOLIS
   a/k/a "Perro"
ADRIAN LUNA-MUNOZ
   a/k/a "Vaca"
HECTOR RUIZ-ANGULO
   a/k/a Maestro"

CASE NO. 8:18-cr-31-T-30TBM

46 U.S.C. § 70506(a), (b)
46 U.S.C. § 70503(a)
21 U.S.C. § 963



## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date and continuing until on or about the date of this indictment, the defendants,

    FERNANDO PINEDA-JIMENEZ, a/k/a "Padrino,"
    RODRIGO PINEDA-TORRES, a/k/a "Gordo,"
  LUIS ERNESTO PEREZ-QUEVEDO, a/k/a "Acuerpado,"
   YESID EDUARDO TORRES-SOLIS, a/k/a "Perro,"
     ADRIAN LUNA-MUNOZ, a/k/a "Vaca," and
    HECTOR RUIZ-ANGULO, a/k/a "Maestro,"

each of whom will be first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire and agree with each other and with other persons, both known and unknown to the Grand Jury,



including persons who were on board a vessel subject to the jurisdiction of the United States and who first entered the United States at a place in the Middle District of Florida, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of 46 U.S.C. § 70503(a)(1).

All in violation of 46 U.S.C. § 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

## COUNT TWO

Beginning on an unknown date and continuing until on or about the date of this indictment, the defendants,

> FERNANDO PINEDA-JIMENEZ, a/k/a "Padrino,"
> RODRIGO PINEDA-TORRES, a/k/a "Gordo,"
> LUIS ERNESTO PEREZ-QUEVEDO, a/k/a "Acuerpado,"
> YESID EDUARDO TORRES-SOLIS, a/k/a "Perro,"
> ADRIAN LUNA-MUNOZ, a/k/a "Vaca," and
> HECTOR RUIZ-ANGULO, a/k/a "Maestro,"

who will be first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire, and agree with others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing, intending, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, contrary to the provisions of 21

U.S.C. § 959.

All in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii); and 18 U.S.C. § 3238.

## FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 46 U.S.C. § 70507, 21 U.S.C. §§ 853, 881(a) and 970 and 28 U.S.C. § 2461(c).

2. Upon conviction of the violations alleged in Count One of the Indictment, in violation of 46 U.S.C. § 70503 or 70506, the defendants shall forfeit to the United States, pursuant to 46 U.S.C. § 70507; 21 U.S.C. § 881(a); and 28 U.S.C. § 2461(c), all property subject to forfeiture pursuant to 21 U.S.C.§ 881(a)(1) through (11) that was used or intended for use to commit, or facilitate the commission of, such offenses.

3. Upon conviction of the violations alleged in Count Two of the Indictment, in violation of 21 U.S.C. §§ 960 and 963, the defendants shall forfeit to the United States, pursuant to 21 U.S.C.§§ 853 and 970, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

4.	If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)	cannot be located upon the exercise of due diligence;

    (b)	has been transferred or sold to, or deposited with, a third person;

    (c)	has been placed beyond the jurisdiction of the Court;

    (d)	has been substantially diminished in value; or

    (e)	has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Daniel M. Baeza
Assistant United States Attorney

By: _____
Joseph K. Ruddy
Assistant United States Attorney
Chief, Panama Express Strike Force

5

FORM OBD-34
January 18

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

FERNANDO PINEDA-JIMENEZ
a/k/a "Padrino"
RODRIGO PINEDA-TORRES
a/k/a "Gordo"
LUIS ERNESTO PEREZ-QUEVEDO
a/k/a "Acuerpado"
YESID EDUARDO TORRES-SOLIS
a/k/a "Perro"
ADRIAN LUNA-MUNOZ
a/k/a "Vaca"
HECTOR RUIZ-ANGULO
a/k/a Maestro"

## INDICTMENT

Violations:   46 U.S.C. § 70506(a), (b)
46 U.S.C. § 70503(a)
21 U.S.C. § 963

A true bill,

_____
Foreperson

Filed in open court this 18th day of January 2018.

_____
Clerk

Bail $_____

GPO 863 525